UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                          ) Case No. 17-14112-B-13
                               )
ARMANDO NATERA,                ) DCN:    FW-3
                               )
                Debtor.        )
                               )

**RULING ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT**

Armando Natera ("Debtor") moves for partial summary judgment for an order: (1) granting this motion for summary judgment; (2) finding the bankruptcy petition was filed at 1:59:28 p.m. on October 25, 2017; (3) finding the automatic stay went into immediate effect; (4) finding the foreclosure sale of real property located at 2430 E. Orrland Avenue, Pixley, CA 93256 ("Property") conducted by Parker Foreclosure Services, LLC ("Parker Foreclosure"), was in violation of the stay; (5) finding the recording of the *Trustee's Deed Upon Sale* ("Trustee's Deed") in favor of Richard Barnes ("Barnes") was a knowing and willful violation of the stay; (6) finding Barnes' conveyance to the Michael Scott Lincicum and Mitzi Lincicum (collectively, the "Lincicums") was a knowing and willful violation of the stay; (7) finding because the original foreclosure sale was void, all acts and conveyances subsequent to the foreclosure sale are void; and (8) denying the motion to retroactively annul the automatic stay (TAT-2). Doc. #115. Debtor submitted a statement of undisputed facts pursuant to
///

1

Local Rule of Practice ("LBR") 7056-1(a) in support of this motion.

Roger S. and Sandra L. Ward (collectively, the "Wards") timely opposed and submitted their responses to the statement of undisputed facts. Docs. ##121-22. However, in responding to Debtor's statement of undisputed facts, the Wards included new facts numbered 9 through 19 that are purported to be the undisputed material facts submitted by Debtor, to which the Wards, in response, do not dispute. Doc. #122. These alleged undisputed facts were not submitted by Debtor as indicated and were erroneously attributed to Debtor by the Wards. Accordingly, the court will STRIKE the Wards' "undisputed facts" numbered 9 through 19 as an insufficient defense, or redundant, immaterial, impertinent, or scandalous under Fed. R. Civ. P. ("Civ. Rule") 12(f), *as incorporated by* Fed. R. Bankr. P. ("Rule") 7012.

Debtor replied. Doc. #144.

This motion for summary judgment was originally set for hearing on October 27, 2021, on 42 days' notice as required by LBR 7056-1 and in conformance with Rule 7056 and Civ. Rule 56. Doc. #116. Because the pleadings were not settled in the parties' related adversary proceeding, this matter was continued to November 17, 2021, continued to February 9, 2022, then continued to March 30, 2022, continued again to May 25, 2022, continued a fifth time to July 27, 2022, and most recently was continued to September 28, 2022. Docs. ##126-27; ##147-48; #151; #165; #167; #193; #195; #205; #207; #213; #216. During the most recent continuance, the court ordered that Debtor may augment the record not later than August 31, 2022, any party file and

serve written opposition not later than September 14, 2022, and any reply shall be filed and served not later than September 21, 2022. Doc. #216.

On August 31, 2022, Debtor submitted on his previously filed motion, supporting documents, and reply brief, and indicated that he will not otherwise be augmenting the record. Doc. #225.

At the September 28, 2022, hearing, the court took the matter under submission. Doc. #237.

Debtor and the Wards both request the court take judicial notice of certain documents filed in this case and Debtor's related adversary proceeding, Adv. Proc. No. 20-01035. Docs. #118; #121. The court may take judicial notice of all documents and other pleadings filed in this bankruptcy case, in the related adversary proceeding, filings in other court proceedings, and public records. Fed. R. Evid. 201; *Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC)*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015). The court takes judicial notice of the requested documents, as well as the pleadings filed in this bankruptcy case, and Debtor's adversary proceeding, but not the truth or falsity of such documents as related to findings of fact. *In re Harmony Holdings, LLC*, 393 B.R. 409, 412-15 (Bankr. D.S.C. 2008).

## FACTS

Debtor filed chapter 13 bankruptcy on October 25, 2017. The time the petition was filed is in dispute. The petition contains two timestamps: 1:59:28 p.m. in red ink, and 2:00 p.m. in

1   smaller black ink. Doc. #1. At 2:00 p.m. on that same day,

2   Parker Foreclosure conducted a foreclosure sale of Property.

3   Docs. #119, *Exs. A*, *D*; #122; #123, *Ex. A*. Barnes was the

4   prevailing bidder.

5        After the petition was filed, Debtor's representative,

6   Sylvia Gutierrez, spoke by telephone with Donald Parker, Parker

7   Foreclosure's owner, at 2:03 p.m. and informed him of the

8   bankruptcy.[1] Docs. #119, *Ex. B*; #122; #123, *Ex. A*. Since the sale

9   was scheduled for 2:00 p.m., the sale had already occurred by

10  the time Debtor's counsel's office contacted Parker Foreclosure.

11  *Id.*

12       The following day, Parker Foreclosure executed a Trustee's

13  Deed in favor of Barnes. Doc. #119, *Ex. H* to *Ex. C*. Parker

14  Foreclosure recorded the Trustee's Deed on October 30, 2017, in

15  the Official Records for Tulare County as Document No. 2017-

16  0066663 after receiving an email from the Vice President of the

17  title company stating that it was a legal sale and that the

18  bankruptcy did not, as a matter of law, prevent the recording of

19  the Trustee's Deed.[2] Doc. #119, *Ex. H* to *Ex. C*.

20       Parker Foreclosure informed Barnes of the bankruptcy via

21  facsimile on November 28, 2017 and advised him to obtain a

22  bankruptcy attorney to seek relief from the automatic stay.

23  _____

24       [1] There is a dispute as to whether Donald Parker "refused to take [the
     case] number, insisting that he should have been notified before 8:00 a.m. on
25   the morning of the sale." Doc. #122. Ms. Gutierrez claims that she offered to
     email Mr. Parker the case number, but that he refused to provide an email
26   address. Doc. #119, *Ex. B*. Barnes claims that Ms. Gutierrez was supposed to
     send Parker Foreclosure a fax, but no fax was received. Doc. #123, *Ex. A*.
27       [2] The Wards claim that Parker Foreclosure recorded the Trustee's Deed
     without "notice of the bankruptcy" because it was recorded only after
28   receiving an email from the title company stating that it was a legal sale
     that could go forward. Docs. #122; #123, *Ex. A*.

Doc. #119, *Ex. I* to *Ex. D*. Though Barnes "held off for quite
some time" from proceeding with the eviction until the case had
been dismissed, he did not seek relief from the automatic stay
because he believed the sale was legal, allowing him to proceed
with recording the Trustee's Deed. *Id.*, *Ex. D*; *Ex. J* to *Ex. D*;
Docs. #122; #123, *Ex. A*.

On January 3, 2018, Debtor's bankruptcy case was dismissed
for failure to timely pay filing fee installment payments.
Doc. #36.

Thereafter, Barnes conveyed the Property to the Lincicums
by *Grant Deed* executed March 27, 2018 and recorded in Tulare
County on April 11, 2018. Doc. #119, *Ex. I* to *Ex. E*. The
Lincicums in turn conveyed the Property to the Wards by *Grant
Deed* executed June 14, 2018 and recorded in Tulare County on
June 21, 2018. *Id.*, *Ex. J* to *Ex. E*. Barnes claims that neither
the Lincicums nor the Wards knew of the bankruptcy prior to
Debtor's filing of the adversary proceeding. Docs. #122; #123,
*Ex. A*.

Debtor reopened this bankruptcy case on June 5, 2020.
Doc. #50. In response to the Wards' motion to annul the
automatic stay, Debtor filed this motion for summary judgment.
Doc. #115.

## DISCUSSION

### I. Summary Judgment Standard

Under Civ. Rule 56(a), summary judgment should be granted
only if the movant shows that there is no genuine dispute as to
any material fact and that the movant is entitled to judgment as

a matter of law. When considering a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Civ. Rule 56(c); *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, that no reasonable jury could believe, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment. *Scott*, 550 U.S. at 380.

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Ibid.*

The movant may not argue that its evidence is the most persuasive or "explain away" evidence unfavorable to its

defenses; rather, it must show that there are no material facts
in dispute, or which can be reasonably resolved by a fact
finder. *Anderson*, *Id.*, at 250-51, 2511; *Davis v. Team Elec. Co.*,
520 F.3d 1080, 1089 (9th Cir. 2008) ("Summary judgment is not
appropriate" if a reasonable jury *could* find in the plaintiff's
favor.) (emphasis added). The Supreme Court has cautioned that
summary judgment should be denied in a case where there is
reason to believe the better course would be to proceed to a
full trial. *Anderson*, 477 U.S. at 250.

As the movant, the burden of proof is on Debtor. The court
must draw all reasonable inferences in the light most favorable
to the non-moving party, and therefore in favor of denying
summary judgment. *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513-
14. Further, the non-moving party's evidence is to be believed,
and all justifiable inferences are to be drawn in its favor.
*Hutchins v. TNT/Reddaway Truck Line, Inc.*, 939 F. Supp. 721, 723
(N.D. Cal. 1996).

If a summary judgment motion is properly submitted, the
burden shifts to the opposing party to rebut with a showing that
there is a genuine issue of material fact. *Henderson v. City of
Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002). "The
nonmoving party 'may not rely on denials in the pleadings but
must produce specific evidence . . . to show that the dispute
exists.'" *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d
702, 707 (9th Cir. 2008), quoting *Bhan v. NME Hosps., Inc.*, 929
F.2d 1404, 1409 (9th Cir. 1991).

Ultimately, the court must grant summary judgment if the
movant shows that the record, taken as a whole, could not lead a

1    rational trier of fact to find for the nonmoving party as to any
2    fact that might affect the outcome of the suit under the
3    governing law, and the nonmovant does not meet their burden of
4    proof to refute the movant's claims.

5        Under Civ. Rule 56(g), if the court does not grant all the
6    relief requested, the court may enter an order stating any
7    material fact not genuinely in dispute and treat that fact as
8    established in the case. Debtor here asks the court to treat as
9    established several facts. As will be seen, these facts are both
10   material and genuinely in dispute.

11

12                    II. Material Facts are in Dispute
13       Debtor filed bankruptcy on October 25, 2017, but the
14   petition has two timestamps on it: the 1:59:28 p.m. in red ink
15   and 2:00 p.m. in black ink. Wayne Blackwelder, the Clerk of the
16   Bankruptcy Court, has declared that the red ink timestamp was
17   affixed by the court upon filing. Doc. #119, *Ex. A*. The Wards
18   dispute this contention, but it is inappropriate to weigh Mr.
19   Blackwelder's testimony at the summary judgment stage.
20   Docs. #122; #123, *Ex. A*; #125. The Wards argue that until
21   receiving Mr. Blackwelder's declaration in connection with this
22   motion, the parties had assumed that 2:00 p.m. was the actual
23   filing time. That may be true, but on the face of the petition,
24   there is a genuine factual dispute on a material issue: when was
25   the petition filed? Since the record itself contains conflicting
26   information, it cannot be said that "no reasonable jury" would
27   find one time stamp more believable than the other.
28   ///

1      The remainder of this motion relies on the timing of the

2  filing of the petition. Since the timing in which Debtor filed

3  the bankruptcy petition is in dispute, the court is unable to:

4  (1) grant this motion; (2) determine what time the bankruptcy

5  petition was filed; (3) determine what time the automatic stay

6  went into effect; (4) determine whether the foreclosure sale of

7  Property conducted by Parker Foreclosure was in violation of the

8  automatic stay;[3] (5) determine whether Parker Foreclosure's

9  recording of the Trustee's Deed in favor of Barnes was a knowing

10  and willful violation of the stay; (6) determine whether Barnes'

11  conveyance to the Lincicums was a knowing and willful violation

12  of the stay; (7) determine whether the original foreclosure sale

13  was void, as well as all acts and conveyances subsequent to the

14  foreclosure sale are void; and (8) deny the Wards' motion to

15  retroactively annul the stay.

16

17                    CONCLUSION

18      Accordingly, Debtor's motion for summary judgment will be

19  DENIED on all counts because the timing of the filing of the

20  petition is in dispute, which is a material fact.

21      Additionally, for the reasons stated above, the court will

22  STRIKE the Wards' alleged undisputed facts numbered 9 through 19

23  filed on October 6, 2021, as docket no. 122.

24  **Dated:** Oct 04, 2022           **By the Court**

25

26

27                        **René Lastreto II, Judge**

                           **United States Bankruptcy Court**

28

[3] We also do not have evidence of the time that the foreclosure sale actually occurred.

**Instructions to Clerk of Court**
**Service List – Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Peter L. Fear
Fear Waddell, P.C.
7650 North Palm Avenue, Suite 101
Fresno, CA 93711

Gabriel J. Waddell
Fear Waddell, P.C.
7650 North Palm Avenue, Suite 101
Fresno, CA 93711

Peter A. Sauer
Fear Waddell, P.C.
7650 North Palm Avenue, Suite 101
Fresno, CA 93711

Scott Lyons
1010 W. Main St.
Visalia, CA 93291

Armando Natera
560 W Pleasant Ave #49
Tulare, CA 93274-1873

Armando Natera
PO Box 590
Pixley, CA 93256

William E. Winfield
Nelson Comis Kettle & Kinney LLP
300 E. Esplanade Drive, Suite 1170
Oxnard, CA 93036

William E. Winfield
5811 Olivas Park Dr., Suite 202
Ventura, CA 93003

Richard Barnes
334 Fresh Meadows Road
Simi Valley, CA 93065-6817

Richard Barnes
Trustee of the Richard Allen Barnes Trust
Dated September 1, 2011
334 Fresh Meadows Road
Simi Valley, CA 93065-6817

Donald D. Parker
Parker Foreclosure Services, LLC
65 North Dos Caminos Avenue
Ventura, CA 93003

Zi C. Lin
Garrett & Tully, P.C.
225 S. Lake Avenue, Suite 1400
Pasadena, CA 91101

Mitzi Lincicum
2687 Korbel Court
Tulare, CA 93274-1638

Michael Scott Lincicum
2687 Korbel Court
Tulare, CA 93274-1638

Thomas A. Trapani
1550 Parkside Drive, Suite 300
Walnut Creek, CA 94596

Roger L. Ward
1461 East Court Avenue
Pixley, CA 93256

Sandra S. Ward
1461 East Court Avenue
Pixley, CA 93256

Office of the United States Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721-1326

1 | Michael H. Meyer
2 | PO Box 28950
  | Fresno, CA 93729-8950
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28